IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BENNETT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITEK GLOBAL SERVICES LLC, *et al.*, <br><br> Defendants. | Civil Action <br> Jury Trial Demanded <br><br> No. 1:10-cv-04968 <br><br> Judge Harry D. Leinenweber |

## DEFENDANTS' BILL OF COSTS

Pursuant to 28 U.S.C. § 1920, Northern District of Illinois Local Rule 54.1, and the Judgment entered by this Court on September 9, 2013, Defendants DirectSat USA, LLC ("DirectSat") and UniTek Global Services, Inc. ("UniTek") (together, "Defendants"), by and through their attorneys, Fox Rothschild LLP and Butler Rubin Saltarelli & Boyd LLP, hereby submit this Bill of Costs necessarily incurred by Defendants in this case. In support thereof, Defendants aver as follows:

1. On September 9, 2013, this Court granted summary judgment for Defendants on the federal law claims of Plaintiffs James Bennett, Jerome Garrison, and Jermaine Litt. (See D.E. 158.) In that same order and opinion, this Court dismissed Plaintiffs' state law claims, the only remaining claims in this case following summary judgment. (Id.) Thus, with no pending claims, this Court entered final judgment in favor of Defendants in this matter. (See D.E. 159.)

2. As the prevailing party, Defendants are therefore allowed taxable costs pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d); N.D. Ill. L.R. 54.1; 28 U.S.C. § 1920.

1

3. Defendants' taxable costs necessarily incurred defending this action total $6,562.60, as indicated in the attached Declaration of Colin D. Dougherty and itemized in the accompanying bill of costs.

WHEREFORE, Defendants respectfully request that costs in the amount of $6,562.60 be taxed against the Plaintiff in this matter.

Respectfully submitted,

/s/ Colin D. Dougherty

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC# 6287522)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Colin D. Dougherty
Jonathan D. Christman
Fox Rothschild LLP
10 Sentry Parkway, Ste. 200, P.O. Box 3001
Blue Bell, PA 19422-3001
(610) 397-6500

DATED: October 3, 2013       *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BENNETT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITEK GLOBAL SERVICES LLC, *et al.*, <br><br> Defendants. | Civil Action <br> Jury Trial Demanded <br><br> No. 1:10-cv-04968 <br><br> Judge Harry D. Leinenweber |

## DECLARATION OF COLIN D. DOUGHERTY

I, Colin D. Dougherty, being duly sworn according to law, hereby depose and say:

1. I am a partner at Fox Rothschild, LLP ("Fox Rothschild") in Blue Bell, Pennsylvania. Before joining Fox Rothschild, I was a Shareholder at the law firm of Elliott Greenleaf & Siedzikowski, P.C., also in Blue Bell, Pennsylvania. I am, and have been, lead counsel of record for the Defendants in the above-captioned matter during the entirety of this litigation. In that role, I have personal knowledge of the costs necessarily incurred by the Defendants in that matter.

2. The expenses of $6,562.60 that are itemized in the Bill of Costs are accurate and necessary expenses incurred by the Defendants during the course of litigating and defending the above-captioned matter.

4. True and accurate copies of the documentation showing the expenses incurred by the Defendants are attached to the Bill of Costs as Exhibit "A." Each item is correct and has been necessarily incurred in this case, and the services for which fees have been charged were actually and necessarily performed.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, to the best of my knowledge, information and belief.

_____
Colin D. Dougherty

DATED: October 3, 2013

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

James Bennett, et al., )
)
v. ) Case No.: 1:10-cv-04968
UniTek Global Services, Inc., et al. )
)

## BILL OF COSTS

Judgment having been entered in the above entitled action on __09/09/2013__ against __Plaintiffs__,
                                                              Date
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ............................................................. | $ |
| Fees for service of summons and subpoena ................................ | 328.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | 6,234.60 |
| Fees and disbursements for printing ....................................... | |
| Fees for witnesses *(itemize on page two)* ................................ | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case ......................... | |
| Docket fees under 28 U.S.C. 1923 ........................................ | |
| Costs as shown on Mandate of Court of Appeals ......................... | |
| Compensation of court-appointed experts ................................. | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs *(please itemize)* ............................................... | |
| TOTAL | $ 6,562.60 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☑ Electronic service        ☐ First class mail, postage prepaid

☐ Other:

s/ Attorney: _[signature]_

Name of Attorney: Colin D. Dougherty

For: __Defendants UniTek Global Services, Inc. and DirectSat USA, LLC__        Date: __10/03/2013__
                    *Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

By: _____
*Clerk of Court*        *Deputy Clerk*        *Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | **TOTAL** | $0.00 |

**Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees)**

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
RULE 54(d)(1)

Costs Other than Attorneys' Fees.
    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

RULE 6

(d) Additional Time After Certain Kinds of Service.

    When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

RULE 58(e)

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

## EXHIBIT A – ITEMIZED COSTS
*James Bennett, et al. v. UniTek Global Services, Inc., et al., No. 10-cv-4968 (N.D. Ill.)*

### Service of Subpoenas (28 U.S.C. § 1920(1))

| Subpoena Recipient(s) | Date of Subpoena | Total Requestd |
|---|---|---|
| Unlimited | March 8, 2011 | $188.00 |
| JP Morgan Chase and Bank of America | September 27, 2011 | $140.00 |
| **Subpoenas Total:** | | **$328.00** |

### Deposition Transcripts (28 U.S.C. § 1920(2))

| Deponent(s) | Court Reporter Attendance Fees | Transcript and Copy Fees | Related Fees | Total Requested |
|---|---|---|---|---|
| Willie Abraham Asfar | | $419.75 (115 pgs)[1] | $26.30 (Exhibits) | $446.05 |
| Robert G.L. Dees | | $481.80 (122 pgs)[2] | $18.30 (Exhibits) | $500.1 |
| Mark Andrew Henning | | $375.95 (103 pgs)[3] | $11.60 (Exhibits) | $387.55 |
| Jerome Garrison | $220.00[4] | $1,137.80 | | $1,357.80 |
| Jermaine Litt | $220.00[5] | $1,193.00 | | $1,413.00 |
| James Bennett | $210.00 | $813.50 | | $1,023.50 |
| Jason Heaberlin | | $815.30 | $37.35 (Exhibits) | $852.65 |
| **Deposition Transcripts Total:** | | | | **$5,980.65** |

---

[1] The actual cost for the deposition transcript of Mr. Asfar was $569.25. However, pursuant to Local Rule 54.1's mandate this cost was reduced to $419.75 (115 pages x $3.65/page).

[2] The actual cost for the deposition transcript of Mr. Dees was $653.40. However, pursuant to Local Rule 54.1's mandate this cost was reduced to $481.80 (122 pages x $3.65/page).

[3] The actual cost for the deposition transcript of Mr. Henning was $509.85. However, pursuant to Local Rule 54.1's mandate this cost was reduced to $375.95 (103 pages x $3.65/page).

[4] The actual appearance fee for the court reporter at the deposition of Mr. Garrison was $332.50 for 9.5 hours. Pursuant to Local Rule 54.1, Defendants have limited their requested recovery to a full day attendance fee.

[5] The actual appearance fee for the court reporter at the deposition of Mr. Litt was $280.00 for 8 hours. Pursuant to Local Rule 54.1, Defendants have limited their requested recovery to a full day attendance fee.

**Court Hearing Transcripts (28 U.S.C. § 1920(2)**

| Hearing Date | Expense |
|---|---|
| November 3, 2010 | $30.90 |
| June 21, 2011 | $78.65 |
| July 6, 2011 | $12.75 |
| January 25, 2012 | $24.25 |
| August 14, 2012 | $12.75 |
| September 12, 2012 | $21.90 |
| October 18, 2012 | $43.65 |
| November 1, 2012 | $29.10 |
| | |
| **Status Hearing Transcripts Total:** | **$253.95** |

TOTAL: $6,562.60